**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DERRICK WATKINS,

    Plaintiff,

v.              Case No.: 3:24-cv-652-WWB-SJH

T.R. CHASE,

    Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendant's Motion for Summary Judgment (Doc. 27), with supporting evidence (Doc. Nos. 28-1 to 28-7), and Plaintiff's pro se Response in opposition (Doc. 34).  Most of the relevant facts governing this dispute are drawn from Defendant Chase's body-worn camera footage (Doc. 28-3 (thumb drive)), on which Defendant Chase also relied in support of his Motion to Dismiss.  (*See* Doc. Nos. 15, 15-1).  The Court will not recount what the footage depicts given it is fully summarized in this Court's Order on Defendant Chase's Motion to Dismiss.  (*See* Doc. 19 at 5–8).  At the motion to dismiss stage, the Court was unable to conclude as a matter of law that Defendant Chase was entitled to qualified immunity based solely on the body-worn camera footage, because the footage did not show what Defendant Chase knew before he arrived to investigate the unspecified "disturbance" or whether Defendant Chase had any reason to believe Plaintiff was dangerous.  (*Id.* at 4, 13–16).

On summary judgment, Defendant Chase renews his qualified immunity defense, (*see* Doc. 27 at 10, 18), and he provides evidence (of particular relevance, two declarations and a Jacksonville Sheriff's Office ("**JSO**") "Event Recap") showing the following previously unavailable material facts: A JSO operator/dispatcher initiated an incident at 2:00 p.m. on April 3, 2021, in response to a report by a security guard at the St. Johns Town Center that a black male was stalking an employee of Maggiano's Restaurant and was "drinking a beer" near the employee's parked vehicle, with a "picnic table set up"; at 2:01 p.m., the dispatcher noted it was unknown whether the alleged stalker had a weapon; at 2:04 p.m., Defendant Chase was dispatched to the scene; at 2:18 p.m., the dispatcher informed Defendant Chase that the security guard called back and advised that the "male stalking [the employee was] known to be violen[t]"; when Defendant Chase arrived at about 2:41 p.m., the mall security guard, with whom Defendant Chase was familiar and found credible, pointed to Plaintiff as the suspected stalker; Defendant Chase exited his vehicle, approached Plaintiff, and saw evidence that, in his experience, was "consistent with . . . stalking behavior" (*e.g.*, Plaintiff had a picnic table set up with wine, a candle, a card, wine glasses, and other items, positioned such that he could see the female employee leaving the restaurant); and Defendant Chase found Plaintiff's explanation for the obvious damage to the female employee's car to be "fishy." (*See* Doc. 28-1, ¶¶ 3–8; Doc. 28-2, ¶ 5; Doc. 28-5 at 2).

In his declaration, Defendant Chase explains why he nearly immediately handcuffed and searched Plaintiff after arriving at the scene: "Based on the fact that I thought [Plaintiff] was probably guilty of stalking, and on the information from the dispatcher, I handcuffed [Plaintiff] and placed him in the back of my patrol vehicle." (Doc.

28-1, ¶ 8).  Chief Erica Weber provides a declaration averring that Defendant Chase's suspicion that Plaintiff was engaged in illegal behavior was reasonable because what Defendant Chase observed, considered in conjunction with the details he received from the dispatcher, "[was] entirely consistent with behavior that can fairly be described as stalking."  (Doc. 28-2, ¶ 8).  She further explains that "domestic violence or stalking" investigations are "among the more dangerous and stressful situations for a police officer" because of the risk that the situation can "escalate into violence."  (*Id.* ¶ 9).

Under Florida law, a suspect may be arrested for misdemeanor stalking if that person "willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person."  Fla. Stat. § 784.048(2), (6).  Before Defendant Chase arrived at the scene, he knew an employee of Maggiano's Restaurant complained to her employer or mall security that a potentially violent man who had been stalking her was waiting outside her place of employment, next to her car.  Although Defendant Chase may not have known how often Plaintiff had followed or harassed the employee, a stalking complaint necessarily implies that the complained-of conduct had occurred before.  And when Defendant Chase approached Plaintiff, he quickly surmised, based on his experience and the information he had received from dispatch, that the complaint likely was credible.

In light of what Defendant Chase knew before he arrived and what he observed when he approached Plaintiff, Defendant Chase had "arguable probable cause" to arrest Plaintiff on suspicion of stalking and, therefore, is entitled to qualified immunity.  *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010) ("To receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause.").  In other words, "a reasonable officer, looking at the entire legal landscape at the time of the

3

arrest[], could have interpreted the law as permitting the arrest[]." *Garcia v. Casey*, 75 F.4th 1176, 1187 (11th Cir. 2023) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 68 (2018)).  The permissible arrest necessarily allowed Defendant Chase to search Plaintiff.  *See United States v. Castro*, 596 F.2d 674, 677 (5th Cir. 1979) ("[A] warrantless search of [a suspect] incident to a custodial arrest may include a full inspection to discover evidence of crime . . . .").

For the reasons stated, Defendant Chase has carried his burden on summary judgment showing he is entitled to qualified immunity.  In his Response, Plaintiff cites no binding legal authority demonstrating it was obvious to Defendant Chase that it was unconstitutional to arrest Plaintiff under the circumstances.  (*See generally* Doc. 34). Plaintiff also does not dispute Defendant Chase's evidence, nor does he provide his own. Rather, Plaintiff primarily argues that Defendant Chase had no reason to arrest him when he did because Defendant Chase noted in his arrest report that he was investigating an unspecified "disturbance."  (*See id.* at 2).  What Defendant Chase wrote in his police report is not determinative here.  As the evidence demonstrates, and regardless of what Defendant Chase chose to document in his report, Defendant Chase knew the nature of the "disturbance" when he encountered Plaintiff—that a male who had been stalking an employee was waiting outside for her and was potentially violent.  Defendant Chase had arguable probable cause to arrest Plaintiff for stalking, even if "stalking" was never mentioned in the arrest report.  *See Garcia*, 75 F.4th at 1187 ("[A]n officer is entitled to

4

qualified immunity if he had arguable probable cause to arrest a suspect for any crime[.]").[1]

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  Defendant Chase's Motion for Summary Judgment (Doc. 27) is **GRANTED**.

2.  The Clerk is directed to enter judgment in favor of Defendant, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on June 9, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6

c:     Derrick Watkins
       Counsel of Record

---

[1] Plaintiff also contends in his Response that the mall security officer told him he (Plaintiff) "was not breaking any laws" by remaining where he was. (*See* Doc. 34 at 1). Plaintiff's Response is not sworn under penalty of perjury in compliance with 28 U.S.C. § 1746. (*See id.* at 5). As such, it "must be disregarded as summary judgment proof." *Roy v. Ivy*, 53 F.4th 1338, 1350 (11th Cir. 2022) (quoting *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988)). Regardless, the security guard was the one who called the police, implying that he was legitimately concerned about employee safety and likely did not want to confront Plaintiff himself, and the evidence supports that Defendant Chase had arguable probable cause to arrest Plaintiff.